# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME J. AVILA, III,<br><br>        Petitioner,<br><br>   v.<br><br>J. SOTO,<br><br>        Respondent.<br>_____/ | 1:12-cv-01475-AWI-BAM (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[ECF No. 11] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

Petitioner was convicted of second degree murder, attempted murder, assault with a firearm, possession of a firearm by a felon, and attempting to dissuade a witness. Petitioner is serving an indeterminate state prison term of fifty-five years to life, plus a determinate term of fifty-two years, four months.

The California Court of Appeal, Fifth Appellate District, affirmed the judgment on November 4, 2009. The California Supreme Court denied review on January 21, 2010.

---

[1] Respondent submits that Petitioner is currently incarcerated at California State Prison-Los Angeles County, and J. Soto is the current Warden. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, J. Soto is substituted as Respondent in this action. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

Petitioner filed three pro se state post-conviction collateral petitions.[2] The first petition for writ of habeas corpus was filed on July 14, 2010. The petition was denied on September 20, 2010.

The second petition for writ of habeas corpus was filed on January 12, 2011,[3] in the California Court of Appeal, Fifth Appellate District. The petition was denied on July 28, 2011.

The third state petition for writ of habeas corpus was filed in the California Supreme Court on December 19, 2011.[4] The petition was denied on May 9, 2012.

Petitioner filed the instant federal petition for writ of habeas on September 10, 2012.[5]

On January 25, 2013, Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file an opposition.

## DISCUSSION

I.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

---

[2] The filing dates of Petitioner's first and second state habeas corpus petitions reflect application of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases ("[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

[3] In applying the mailbox rule to the filing date of the second petition, the Court applied the filing date of January 12, 2011, not January 12, 2010-the actual date listed on the petition and proof of service because it is apparent Petitioner misdated the second state petition as of 2010, and not 2011. This is so because Petitioner lists September 20, 2010-as the denial date of the first state petition for writ of habeas corpus which obviously took place after January 20, 2010. Further, the file-stamp date of the second state petition is January 20, 2011-just nine days after January 12, 2011. In addition, several of the attachments to the second state petition were authored in late 2010. (Lod. Doc. 7.)

[4] The mailbox rule cannot be applied to the third state petition or to the filing of the instant federal petition because both petitions contain the same date as Petitioner's habeas petition filed in the state appellate court, with the exception of correcting the second petition filing date to reflect January 12, 2011, not January 12, 2010.

[5] See footnote four, supra, for discussion of mailbox rule.

2

the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. Id.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed on September 10, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, on January 21, 2010, the California Supreme Court denied review.  Thus, direct review became final on April 21, 2010, when the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Therefore, the one year limitations period began on the following day, April 22, 2010, and absent tolling, was set to expire on April 22, 2011.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

    III.    <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law.  Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006).  Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling.  Id.

///

///

1      A.   Limitations Period That Expired Prior to Filing of First State Petition

2      The limitations period is not tolled between the time a final decision is rendered on direct
3   review and the time to file a state post-conviction collateral petition because there is no case
4   "pending." Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007); Nino v. Galaza, 183 F.3d
5   1003, 1006 (9th Cir. 1999). Therefore, at the time Petitioner filed his first post-conviction
6   collateral petition on July 14, 2010-eighty-four days of the 365-day limitations had expired.

7      B.   Tolling During Pendency of First State Petition

8      Petitioner is entitled to statutory tolling for the time that the first state petition was
9   pending, i.e. July 14, 2010 through September 20, 2010. Consequently, the first state petition
10  provides Petitioner with sixty-nine days of tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 414
11  (2005) (finding state habeas petitions meeting state's filing requirements are properly filed within
12  the meaning of 28 U.S.C. § 2244(d)(2)). The limitations period was therefore extended sixty-
13  nine days from April 21, 2011, to June 29, 2011.

14     C.   No Tolling Between Denial of First State Petition and Filing of Second
              State Petition

15     As just stated, the first state petition was denied by the superior court on September 20,
16  2010, and the second state petition was filed in the appellate court on January 12, 2011.
17  Petitioner is not entitled to interval tolling during this period because the delay of 114 days was
18  unreasonable. This lengthy unexplained and unreasonable delay from the date the superior court
19  denied the petition to filing at the appellate court is not subject to statutory tolling. In Evans v.
20  Chavis,546 U.S. 189, 201 (2006), the Supreme Court found that the unjustified delay of at least
21  six months from the denial by the appellate court to filing in the California Supreme Court was
22  unreasonable under state law. "Six months," said the Court, "is far longer than the 'short
23  period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state
24  supreme court." Id. at 201 (citing Carey v. Saffold, 536 U.S. at 219.) Courts have previously
25  determined that interval delays similar or less than the 113-day here are unreasonable and,
26  therefore, tolling is not available. See e.g., Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir.
27  2011 (holding that interval delays of 81 and 92 days between filings were unreasonable); Chaffer

5

v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (finding that delays of 101 and 115 between filings were unreasonable and therefore interval tolling was not available); Hunt v. Felker, No. 07-1281, 2008 WL 752592, *3 (E.D. Cal. Feb. 8, 2008) (unexplained delay of seventy-day interval held unreasonable); Culver v. Dir. Of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006) (denying tolling for unexplained delay of seventy-one days). As a consequence, Petitioner is not entitled to gap tolling between the denial by the superior court to filing in the state appellate court. Chavis, 546 U.S. at 201. At this point in time, 198 days of the limitations period had run.

D. Tolling During the Pendency of the Second State Petition

The second state petition for writ of habeas corpus was filed on January 12, 2011, and was denied on July 28, 2011. As a consequence, the second state petition provides Petitioner with 198 days of tolling. Pace v. DiGuglielmo, 544 U.S. at 414. The limitations period was therefore extended 198 days from June 29, 2011, to January 13, 2012.

E. No Tolling During Interval Between Denial of Second State Petition and Filing of Third State Petition

The second state petition was denied by the state appellate court on July 28, 2011, and Petitioner filed the third state petition for writ of habeas corpus in the California Supreme Court on December 19, 2011. Interval tolling is not available for this period of time because it was both unreasonable and untimely.

Petitioner delayed 144 days between the date the second petition was filed-July 28, 2011, and the filing of the third petition in the California Supreme Court on December 9, 2011. The delay of 143 days was unreasonable. Evans v. Chavis, 546 U.S. at 201; Carey v. Saffold, 536 U.S. at 219; Velasquez v. Kirkland, 639 F.3d at 968; Chaffer v. Prosper, 592 F.3d at 1048. Furthermore, as detailed below, the third state petition was denied as untimely. (LD 10.) Thus, the third state petition was not properly filed for purposes of 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. at 414-415; Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended 439 F.3d 993 (9th Cir. 2006) (petition dismissed as untimely by state court is not "properly filed" and tolling is not available). Because the petition was not timely filed there is no

interval tolling during this period of time. Consequently, 144 days elapsed between the denial of the second state petition and the filing of the third state petition and 342 days of the limitations period expired.

F. No Tolling During Pendency of Third State Petition

As stated above, Petitioner filed the third state petition in the California Supreme Court on December 19, 2011, and the petition was denied 142 days later, on May 9, 2012. (LD 9-10.) Petitioner is not allowed tolling during the pendency of the third state petition because the state supreme court explicitly denied the third petition as untimely citing to In re Robbins, 18 Cal.4th 770, 780 (1998). Robbins stands for the proposition that delayed and repetitious claims will not be condoned. Accordingly, the third state petition was not properly filed and no tolling is available under 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. at 414-415; Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (holding that a citation to Robbins at page 780 indicates the petition was untimely); Bonner v. Carey, 425 F.3d at 1149. Therefore, 144 days passed during the pendency of this improperly filed petition, and a total of 484 days of the limitations period expired.

IV. End of Limitations Period

As previously stated, the statute of limitations commenced on April 22, 2010, and with the benefit of tolling, expired on January 13, 2012. Thus, the instant petition for writ of habeas corpus filed on September 10, 2012, is untimely and must be dismissed.

V. Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. at 418. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

///

///

Petitioner does not provide nor does this court find any basis to equitably toll the limitations period and therefore the instant petition is untimely and must be dismissed with prejudice.

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus as untimely be GRANTED; and

2. The Clerk of Court be directed to dismiss the petition with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 3, 2013  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE